IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.  Criminal No. 3:17cr93

DEVEN'ER J. GRICE,
       Petitioner.

## MEMORANDUM OPINION

The petitioner, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 30).[1] The government has moved to dismiss, asserting that the petitioner's § 2255 Motion is barred by the statute of limitations. (ECF No. 33.) The petitioner moved for an extension of time to file his reply and then filed his reply. The petitioner's motion for extension of time, (ECF No. 34), will be granted, and the petitioner's reply, (ECF No. 35), will be deemed timely filed. For the reasons set forth below, the petitioner's § 2255 Motion will be denied as barred by the statute of limitations.

## I. PROCEDURAL HISTORY

On June 22, 2018, pursuant to a written plea agreement, the petitioner pleaded guilty to making a false statement to a firearms dealer. (ECF No. 13, at 1.) Pursuant to the plea agreement, the petitioner agreed to waive the right to appeal his conviction and any sentence within the statutory maximum. (*Id.* at 3.) On November 16, 2018, the Court entered the judgment against the petitioner and sentenced him to forty-eight months of imprisonment. (ECF No. 25, at 2.) The petitioner did not appeal.

---

[1] The Court employs the pagination assigned to the documents by the CM/ECF docketing system. The Court corrects the spelling, capitalization, and punctuation in the quotations from the parties' submissions.

On February 24, 2020, the petitioner submitted a letter requesting copies of various documents from his court file. (ECF No. 27, at 1.) On February 25, 2020, the Clerk mailed a letter to the petitioner which responded to his inquiry. (ECF No. 27–1, at 1.)

On or about September 22, 2020, the petitioner submitted his § 2255 Motion to prison officials for mailing to this Court.[2] (ECF No. 30–1, at 2.) The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

In his § 2255 Motion, the petitioner contends that he is entitled to relief on the following grounds:

| | |
|---|---|
| Claim 1 | Counsel performed deficiently by failing to appeal the Court's reasoning for an upward variance. (ECF No. 31, at 3–6.) |
| Claim 2 | Counsel performed deficiently by failing to pursue a speedy trial issue. (*Id.* at 6–7.) |
| Claim 3 | "Counsel was ineffective for not filing an appeal at the petitioner's request." (*Id.* at 7.) |

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 motion. Specifically, § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] In conjunction with his § 2255 Motion, the petitioner submitted a "motion to reinstate petitioner's appeal rights," wherein he sets forth his claims for relief. (ECF No. 31.)

2

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Under § 2255(f)(1), the petitioner's judgment of conviction became final on Friday, November 30, 2018, the last date to file a notice of appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01cr16, 4:04cv122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). Hence, the petitioner had until Monday, December 2, 2019, to file any motion under § 2255. Because the petitioner did not file his § 2255 Motion until September 22, 2020, the § 2255 Motion is untimely. Unless the petitioner demonstrates a viable basis for a belated commencement of the limitation period or any equitable reason for not enforcing the limitation period, the action is barred by the statute of limitations.[3] The petitioner contends that the Court should equitably toll the limitation period. (ECF No. 35, at 1.)

Motions pursuant to § 2255 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649

---

[3] "The Court notes that this is not an instance where [the p]etitioner might be entitled to a belated commencement of the limitation period because counsel misled him into believing an appeal had been filed." *United States v. Johnson*, No. 3:17cr57, 2021 WL 4157735, at *2 n.2 (E.D. Va. Sept. 13, 2021) (citing *Roberts v. Clarke*, No. 3:13cv500, 2014 WL 2468494, at *3 (E.D. Va. June 2, 2014)). In response to the petitioner's request that counsel pursue an appeal of the petitioner's higher than expected sentence, counsel merely "advised Grice that his sentence was lawful." (ECF No. 31, at 7.) The petitioner nowhere suggests that he believed counsel had pursued an appeal.

3

(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

> The petitioner contends that the limitation period should be equitably tolled because:
>
> [The petitioner] was sent to the Virginia Department of Corrections, where he went to the library and asked for assistance, where he was told that he had to be in federal custody to challenge his federal conviction, which [he] accepted. He filed his petition within a year of being in federal custody. Moreover, the Virginia law library is not up to federal standards. Besides for Virginia law libraries being inadequate, [the petitioner] is pro se. He is not adept in law, nor does he comprehend doctrines and the complexity of law.

(ECF No. 35, at 1–2.) As articulated by the petitioner, neither of these circumstances presents an adequate basis for equitable tolling. "[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Herrera-Pagoada*, 14 F.4th 311, 319 (4th Cir. 2021) (alteration in original) (quoting *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004)). With respect to the law library, the petitioner fails "to state with any specificity how any [deficiency] prevented him from acting diligently to protect his rights or from filing his § 2255 Motion on time." *United States v. Harris*, No. 3:15cr170, 2021 WL 1823109, at *3 (E.D. Va. May 6, 2021) (citing *Mayes v. Province*, 376 F. App'x 815, 816–17 (10th Cir. 2010); *O'Neill v. Dir., Va. Dep't. of Corr.*, No. 3:10cv157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011)). Accordingly, the Court rejects the petitioner's contention that he is entitled to equitable tolling.

### III. CONCLUSION

For the foregoing reasons, the petitioner's § 2255 Motion, (ECF No. 30), will be denied. The government's motion to dismiss, (ECF No. 33), will be granted. The petitioner's motion for

enlargement of time, (ECF No. 34), will be granted. The petitioner's motion to reinstate petitioner's appeal rights, (ECF No. 31), will be denied. The action will be dismissed. A certificate of appealability will be denied.

    An appropriate Final Order will accompany this Memorandum Opinion.

Date: 11 April 2022
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

5